1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

JASON SHAWN HUGHES,

No.  2:14-cv-1550-KJM-EFB PS

12

Plaintiff,

13

v.

ORDER

14

DESIREE VANCE, TJ GRUNDY, and
COUNTY OF BUTTE,

15

16

Defendants.

17

18

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

19

U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in

20

forma pauperis pursuant to 28 U.S.C. § 1915, and requests for appointment of counsel and for

21

injunctive relief.  Further, the complaint is before the court for screening.

22

**I.      Request to Proceed in Forma Pauperis**

23

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

24

Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

25

and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

26

§ 1915(b)(1) and (2).

27

/////

28

/////

1

1    **II.     Request for Appointment of Counsel**

2         Plaintiff requests that the court appoint counsel.  ECF No. 5.  District courts lack authority

3    to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States*

4    *Dist. Court*, 490 U.S. 296, 298, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989).  In exceptional

5    circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  *See* 28

6    U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v.*

7    *Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).  When determining whether "exceptional

8    circumstances" exist, the court must consider the likelihood of success on the merits as well as the

9    ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues

10   involved.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  Having considered those factors,

11   the court finds there are no exceptional circumstances in this case.

12   **III.    Screening Requirement and Standards**

13        Federal courts must engage in a preliminary screening of cases in which prisoners seek

14   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

15   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

16   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

17   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

18   relief."  *Id.* § 1915A(b).

19        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

20   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

21   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

22   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

23   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

24   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

25   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

26   U.S. 662, 679 (2009).

27   /////

28   /////

2

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.    Screening Order**

Plaintiff alleges in his complaint that defendant TJ Grundy, a social worker with the County of Butte, Children's Services Division, "engaged in deceitful conduct, fabricated evidence, withheld exculpatory evidence, conspired to falsely and maliciously detain" plaintiff's children by "maliciously committing perjury under oath in court proceedings."  ECF No. 1 at 2. Plaintiff claims that defendant Grundy, at the direction of a family court judge, conducted an investigation and submitted a report with the family court that contained false allegations that plaintiff had stabbed an individual and was involved in domestic violence and witness intimidation.  *Id*. at 3.

Plaintiff alleges that he brought his concerns regarding the false report to the family court judge's attention, and requested that the judge assign another court investigator to the case.  *Id*. at 3.  Plaintiff claims that after this request was made, defendant Grundy "became retaliatory," and started harassing his children, *Id*. at 4, and began making threats and ultimately detained plaintiff's children.

Plaintiff alleges that defendant Grundy called the District Attorney, Brent Redelsperger, and alleged that plaintiff had threatened him and requested that plaintiff be taken into custody.

3

1   *Id*.  After a court hearing, plaintiff was taken into custody even though no police report regarding

2   the alleged threat was ever filed.  *Id*.  Plaintiff further claims that defendant Grundy provided

3   false testimony and withheld evidence in two separate state court cases.  *Id*.

4        The complaint further alleges that defendant Vance, also a social worker with the County

5   of Butte, Children Services Division, failed to bring plaintiff's children to see him at the Butte

6   County Jail for a visitation ordered by the state court.  *Id*.  He further claims that Vance

7   deliberately disobeyed the family court judge's orders and provided false testimony.  *Id*. at 4-5.

8   Plaintiff also claims that the County of Butte Children's Services Division and its representatives

9   continue to violate his children's rights by not allowing them to visit plaintiff.  *Id*. at 5.  Plaintiff

10  claims that defendants' conduct violates his 4th, 5th, 6th, and 8th Amendment rights.  *Id*. at 6-7.

11       Plaintiff's complaint fails to state a claim under 42 U.S.C. § 1983.  To state a claim under

12  § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2)

13  that the violation was committed by a person acting under the color of state law.  *See West v.*

14  *Atkins*, 487 U.S. 42, 48 (1988).  Although plaintiff references several amendments to the

15  Constitution, the complaint does not explain how defendants' actions resulted in the deprivations

16  of any specific constitutional right.  Instead of identifying each specific constitutional right

17  defendants allegedly violated and setting forth facts in support of each specific deprivation,

18  plaintiff provides a summary of facts and his conclusion that they resulted in a violation of

19  various amendments to the constitution.  As drafted, the court is unable to discern which specific

20  constitutional provisions were allegedly violated and by whom, and what facts support each

21  violation.  Accordingly, plaintiff has failed to sufficiently allege a violation of a federal or

22  statutory right.

23       Plaintiff also names the County of Butte as a defendant.  To state a claim under § 1983,

24  plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the

25  violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

26  U.S. 42, 48 (1988).  Additionally, in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), the

27  Supreme Court held that although municipalities may be held liable as "persons" under 42 U.S.C.

28  § 1983, they may not be held liable for the unconstitutional acts of its employees solely on a

1    respondeat superior theory.  436 U.S. at 691.  Rather, the Supreme Court has "required a plaintiff

2    seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or

3    'custom' that caused the plaintiff's injury."  *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403

4    (1997) (citing *Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480-81 (1986); *City

5    of Canton v. Harris*, 489 U.S. 378, 389 (1989)).  Here, plaintiff's complaint does not include any

6    allegations that would support *Monell* liability against the County of Butte.

7            Therefore, plaintiff's complaint will be dismissed.  However, plaintiff is granted leave to

8    file an amended complaint, if he can allege a cognizable legal theory against a proper defendant

9    and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122,

10   1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to

11   amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended

12   complaint, the amended complaint shall clearly set forth the allegations against each defendant

13   and shall specify a basis for this court's subject matter jurisdiction.  Any amended complaint shall

14   plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set

15   of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-

16   spaced text on paper that bears line numbers in the left margin, as required by Eastern District of

17   California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings

18   to delineate each claim alleged and against which defendant or defendants the claim is alleged, as

19   required by Rule 10(b), and must plead clear facts that support each claim under each header.

20           Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

21   make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

22   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

23   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

24   plaintiff files an amended complaint, the original no longer serves any function in the case.

25   Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not

26   alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.

27   1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.

28   Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiffs that failure to

1  comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order

2  may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

3  **V.      Request for Injunctive Relief**

4        Plaintiff also filed a motion for injunctive relief, asking the court to order defendants to

5  allow visitations with his children, prohibit defendants from continuing to present false statements

6  in any court proceedings, and enjoining them from coming within 100 yards of plaintiff or his

7  children.  ECF No. 2.  A preliminary injunction will not issue unless necessary to prevent

8  threatened injury that would impair the court's ability to grant effective relief in a pending action.

9  *Sierra On–Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir.1984); *Gon v. First*

10  *State Ins. Co.*, 871 F.2d 863 (9th Cir.1989).  A preliminary injunction represents the exercise of a

11  far reaching power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v.*

12  *Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir.1964).  In order to be entitled to preliminary

13  injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is

14  likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

15  tips in his favor, and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586

16  F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129

17  S.Ct. 365, 172 L.Ed.2d 249 (2008)).  The Ninth Circuit Court of Appeals has also held that the

18  "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a

19  plaintiff must make regarding his chances of success on the merits survives *Winter* and continues

20  to be valid.  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, at 1134–35 (9th Cir.2011).

21  Under this sliding scale, the elements of the preliminary injunction test are balanced.  As it relates

22  to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser

23  showing of likelihood of success on the merits.  *Id.*  In cases brought by prisoners involving

24  conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no

25  further than necessary to correct the harm the court finds requires preliminary relief, and be the

26  least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

27  /////

28  /////

1    As discussed above, plaintiff's complaint must be dismissed for failure to state a claim

2  upon which relief can be granted.[1]   Accordingly, the court will deny plaintiff's motion for a

3  preliminary injunction as premature.  If plaintiff files an amended complaint that states a

4  cognizable claim, the court will order service of the amended complaint upon the named

5  defendant(s) and plaintiff can refile his request for whatever preliminary relief for which he

6  believes he is entitled.

7    Accordingly, IT IS ORDERED that:

8    1.  Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 9, is granted.

9    2.  Plaintiff's request for appointment of counsel, ECF No. 5, is denied

10    3.  The complaint is dismissed with leave to amend within 30 days.  The amended

11  complaint must bear the docket number assigned to this case and must be labeled "Amended

12  Complaint."  Failure to timely file an amended complaint in accordance with this order will result

13  in a recommendation this action be dismissed.

14    4.  Plaintiff's motion for injunctive relief, ECF No. 2, is denied without prejudice.

15  DATED:  March 31, 2015.

16

17  EDMUND F. BRENNAN
    UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27    [1] It necessarily follows that he has not demonstrated a likelihood of success on the merits
    or even that serious questions have yet been raised that could support a preliminary injunction.
28  See *Alliance for Wild Rockies,* 632 F.3d at 1134–35.

7